Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
317 Court St. NE, Ste. 202
Salem, OR 97301
(503) 917-4409 Phone
(916) 857-6902 Facsimile
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | | |
|---|---|---|
| HEIDI STRAWN, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| | ) | **DAMAGES FOR RELIGIOUS** |
| | ) | **DISCRIMINATION In** |
| | ) | **VIOLATION OF TITLE VII** |
| v. | ) | **[42 U.S.C. § 2000e-2] AND** |
| | ) | **ORS 659A.030(1)(a) AND** |
| | ) | **AIDING AND ABETTING** |
| | ) | **RELIGIOUS** |
| | ) | **DISCRIMINATION IN** |
| SALEM HEALTH, A Public Benefit | ) | **VIOLATION OF ORS** |
| Corporation With Members, and | ) | **659A.030(1)(g)** |
| DOES 1-50, inclusive, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| | ) | |

Plaintiff, HEIDI STRAWN, hereby alleges as follows:

## INTRODUCTION

1.     On August 19, 2021, pursuant to a mandate (the "Vaccine Mandate" or the "Mandate") issued by the Oregon Health Authority ("OHA") pursuant to an executive order from Oregon's then-governor, Katherine "Kate" Brown ("Gov.

Brown'), Defendant SALEM HEALTH mandated that all of its employees be vaccinated against the SARS-CoV-2 virus ("COVID-19") by October 18, 2021, or obtain an approved medical or religious exemption.

2.      Plaintiff is, and at all times relevant herein was, a Christian who worked for SALEM HEALTH as a registered nurse.  Because Plaintiff sincerely held religious convictions in accordance with her Christian faith that rendered her unable to receive a COVID-19 vaccine, Plaintiff sought from SALEM HEALTH a religious exemption the OHA's Vaccine Mandate.

3.      SALEM HEALTH ultimately granted Plaintiff's accommodation request but mandated that Plaintiff submit to weekly COVID-19 testing, complete a mandatory course on the efficacy and safety of COVID-19 vaccines, and complete a mandatory questionnaire affirming that COVID-19 vaccines are safe and effective. If Plaintiff failed or refused to complete any of these steps, Plaintiff had the option of being vaccinated or being terminated.

4.      Based on the foregoing, SALEM HEALTH failed to offer a reasonable accommodation to Plaintiff under both Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e *et seq.*] and the Oregon Unlawful Discrimination in Employment Act [ORS 659A.030(1)(a)].

## PARTIES

5.      At all times relevant herein, Plaintiff was employed by Defendant SALEM HEALTH.

6.      At all times relevant herein, Plaintiff was an employee protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* and is a member of a protected class based on her religion.

7.      Defendant SALEM HEALTH is, and at all times relevant herein was, a public benefit corporation headquartered in Salem, Oregon.  *See* Attached **Exhibit "A"** [a copy of SALEM HEALTH's proof of registration from the Oregon

Secretary of State's website]. According to SALEM HEALTH's website, "Salem Health facilities include Salem Hospital, West Valley Hospital in Dallas and Salem Health clinics spread throughout the mid-Willamette Valley. Salem Health serves patients across Marion, Polk, Benton, Lincoln and Yamhill counties."[1]

8.      Defendant, SALEM HEALTH, is an employer as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

9.      The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Defendants is in some way responsible for, participated in, or contributed to the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, and responsibilities have been ascertained.

## JURISDICTION

10.      This action arises under the laws of the United States, specifically 21 U.S.C. § 360bbb-3 and 42 U.S.C. § 2000e *et seq*. This action also arises under the laws of the State of Oregon, specifically the Oregon Unlawful Discrimination in Employment Act, ORS 659A.030(1)(a) and (g).

11.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

## JURISDICTION

12.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the County of Marion.

---

[1] https://salemhealth.org/about

13.    This Court is authorized to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure.

14.    This Court is authorized to grant Plaintiff's prayer for relief regarding damages pursuant to Rule 54 of the Federal Rules of Civil Procedure and the supplementary laws of the State of Oregon, as applicable under Fed. R. Civ. P. 69.

## FACTUAL ALLEGATIONS

15.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

16.    In August of 2016, SALEM HEALTH hired Plaintiff to work as a registered nurse to work at Salem Hospital, located 890 Oak Street SE in Salem, in the County of Marion.

17.    Prior to the events giving rise to this case, Plaintiff had an exemplary employment record with SALEM HEALTH.

18.    In August 2021, more than 18 months after the first known cases of COVID-19 were discovered in Oregon, the OHA, pursuant to an executive order from Gov. Brown, issued the Vaccine Mandate, which sought to limit the spread of COVID-19 in the state's healthcare facilities.  The Mandate required healthcare workers statewide to be vaccinated against COVID-19 by October 18.  *See* Or. Admin. R. 333-019-1010.

19.    The Vaccine Mandate also allowed healthcare workers to seek, and the healthcare providers who employed them to grant, exemptions from the vaccination requirement.  *See* Or. Admin. R. 333-019-1010(3)-(4).

20.    The Mandate furthermore stated that "[n]othing in this rule is intended to prohibit schools or school-based programs … from … ***Complying with Title VII of the Civil Rights Act, and state law equivalents***, for individuals ***<u>unable</u>*** to be

vaccinated due to … a sincerely held religious belief."  Or. Admin. R. 333-019-1010(5)(a) (emphasis added)

21.     During the COVID-19 pandemic (the "Pandemic"), Plaintiff was committed to the well-being of co-workers, clients, staff, and patients. Accordingly, Plaintiff took health and safety precautions to prevent herself from contracting and spreading COVID-19 to others pursuant to SALEM HEALTH's COVID-19 protocols.

22.     Such precautions included:

    a.  Wearing disposable masks, goggles and gowns;

    b.  Washing her hands regularly;

    c.  Submitting to temperature checks before each shift;

    d.  Practicing social distancing to a distance of six feet or greater.

23.     On August 19, 2021, SALEM HEALTH chief executive officer, Cheryl Wolfe, announced to employees that SALEM HEALTH would be implementing a policy [hereinafter the "Policy"] requiring all SALEM HEALTH employees to be vaccinated against COVID-19 by October 18, 2021, or to request and be approved for either a religious or medical exemption from the OHA's Vaccine Mandate.

24.     On September 2, 2021, SALEM HEALTH announced the process by which employees could request and obtain a religious or medical exemption: Pursuant to the Policy, any employee who was not fully vaccinated by October 18, 2021, but who had obtained an approved religious exemption, was required to wear a brightly colored "flag" on their employee badge to indicate to others around the unvaccinated employee that the employee was not vaccinated.

25.     Pursuant to the Policy, any employee who was not fully vaccinated by October 18, 2021, but who had obtained an approved religious exemption was

required to comply with masking and personal protective equipment requirements, to undergo weekly testing, and to comply with entry screening protocols.

26.    Plaintiff an adherent to the Christian faith who holds sincere religious beliefs that prevent her from receiving a COVID-19 vaccination.

27.    The religious conviction that prevents Plaintiff from receiving a COVID-19 vaccination falls into the category of belief that a Christian's body is a temple of the Holy Spirit. Receiving something into the body that may be harmful is inconsistent with the protection and sacredness that God's temple deserves.

28.    On or about September 19, 2021, and in accordance with the Policy, Plaintiff timely submitted to SALEM HEALTH a written religious exemption request on the OHA's COVID-19 Vaccine Religious Exception Request form. *See* Attached **Exhibit "B"** [a copy of Plaintiff's religious exception request]. Plaintiff timely submitted this form to SALEM HEALTH pursuant to, and in accordance with, both the Oregon Unlawful Discrimination in Employment Act [ORS 659A.030(1)(a)] and Title VII of the federal Civil Rights Act of 1964 [42 U.S.C. § 2000e *et seq.*].

29.    By submitting her COVID-19 vaccine religious accommodation request, Plaintiff informed SALEM HEALTH that she could not receive the mandated COVID-19 vaccine because receiving any of the vaccines then available in the United States market would conflict with her sincerely held religious beliefs.

30.    On or about September 20, 2021, SALEM HEALTH approved Plaintiff's religious exemption request.

31.    On October 18, 2021, SALEM HEALTH updated its Policy to include additional requirements of unvaccinated employees: Pursuant to the updated Policy, any employee who was not fully vaccinated by October 18, 2021, but who had obtained an approved religious exemption, was required to complete mandatory "COVID-19 Vaccine Facts" training as well as a mandatory test related

to SALEM HEALTH's training on the purported safety and efficacy of COVID-19 vaccines via its internal system, Healthstreams, no later than November 2, 2021.

32.    Also pursuant to the updated Policy, any employee who had obtained an approved religious exemption, but failed to complete the "COVID-19 Vaccine Facts" training and/or failed to pass the accompanying "COVID-19 Vaccine Facts" test with a score of 100%, would be terminated.

33.    In late October 2021, Plaintiff completed the "COVID-19 Vaccine Facts" computer training session via the Healthstreams system.

34.    In late October 2021, Plaintiff attempted approximately four times to complete the test accompanying "COVID-19 Vaccine Facts" training session.

35.    The accompanying "COVID-19 Vaccine Facts" test consisted of approximately six questions.  Employees had to answer all six questions the way SALEM HEALTH directed in order to pass the test.

36.    In late October 2021, Plaintiff notified SALEM HEALTH that in order to pass the test, she would be forced to lie in order to answer the test questions "correctly."

37.    Plaintiff holds sincere religious beliefs that prohibit her from lying.

38.    On November 2, 2021, Plaintiff notified SALEM HEALTH via telephone call with her supervisor, Dianne Powers ("Ms. Powers"), that lying in order to pass the test would violate Plaintiff's conscience.

39.    On November 2, 2021, Plaintiff notified SALEM HEALTH via telephone call with Ms. Powers of the problems with the "COVID-19 Facts" test and inquired if she could merely sign off on a form acknowledging that she had completed the "COVID-19 Vaccine Facts" training and acknowledging that she was aware of SALEM HEALTH's position on the vaccine.

40.    Plaintiff had completed many training sessions for SALEM HEALTH via Healthstreams in her years of employment with SALEM HEALTH.

41.    Plaintiff has signed previous acknowledgments similar to what she was requesting from SALEM HOSPITAL.

42.    SALEM HOSPITAL refused to allow Plaintiff to sign an acknowledgment form as an alternative to lying on the "COVID-19 Vaccine Facts" test in order to pass.

43.    SALEM HEALTH made no indication that Plaintiff's religious accommodation was conditional upon her violating her faith and affirming the "COVID-19 Vaccine Facts" propounded by SALEM HEALTH.

44.    Plaintiff was ready, willing, and able to meet accommodation requirements that the Policy outlined for those SALEM HEALTH employees receiving religious exemptions.

45.    STRAWN continued taking the same precautions that she had previously taken to protect against contracting or spreading the COVID-19 virus.

46.    In a communication dated November 10, 2021, SALEM HEALTH notified Plaintiff that her employment had been terminated.

47.    SALEM HEALTH made no attempts to engage with Plaintiff in the interactive process required under Title VII and ORS 659A.030 with regard to accommodating Plaintiff's sincerely held religious beliefs.

48.    As required under Title VII has satisfied and exhausted all administrative remedies.

49.    On January 9, 2023, the Equal Employment Opportunity Commission issued Plaintiff a letter informing her of her right to sue SALEM HEALTH in federal court.  A copy of that letter is attached hereto as **Exhibit "C."**

50.    Attached hereto as **Exhibit "D"** is a copy of a printout from the website TimeandDate.com showing that Plaintiff has timely filed the herein lawsuit in accordance with the 90-day deadline set forth in her right-to-sue letter.

**FIRST CAUSE OF ACTION:**
**Violation of Title VII – Failure to Provide a Reasonable Accommodation**
**Against Defendant SALEM HEALTH**
**[42 U.S.C. § 2000e-2]**

51.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

52.      Title VII of the 1964 Civil Rights Act prohibits employers from discriminating on the basis of religion.  42 U.S.C. § 2000e-2(a)(1).

53.     For purposes of Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year …"  42 U.S.C. § 2000e(b).

54.     Defendant SALEM HEALTH is an employer as defined by Title VII.

55.     The term "religion," for purposes of Title VII, "includes all aspects of religious observance and practice, as well as belief …" 42 U.S.C. § 2000e(j).

56.     As a practicing Christian, Plaintiff belongs to a class of persons protected under Title VII.  42 U.S.C. § 2000e-2(a)(1).

57.     Plaintiff holds, and at all times relevant herein held, a bona fide religious belief that she cannot defile her body by taking a COVID-19 vaccine: She has a bona fide religious belief that if she were to receive the COVID-19 vaccine, she would be sinning against God and would suffer the consequences of being disobedient to His guidance.  *See* Ex. "B."

58.     Plaintiff's bona fide religious belief against taking the COVID-19 vaccine conflicted with SALEM HEALTH's employment-related duty to receive a COVID-19 vaccine in accordance the with the Policy.

59.     Plaintiff also holds, and at all times relevant herein held, a sincere religious belief that prohibits her from lying.

60.    Plaintiff informed her employer, Defendant SALEM HEALTH, of the conflicts between her religious beliefs and her employment-related duties. *See* Ex. "B."

61.    Defendant SALEM HEALTH subjected Plaintiff to discriminatory treatment by subjecting her to the following adverse employment actions: (1) Threatening to terminate her employment if she did not receive a COVID-19 vaccine; (2) threatening to terminate her employment if she did not violate her conscience through lying on the "COVID-19 Vaccine Facts" test in order to pass the test; and (3) terminating her employment on November 10, 2021.

62.    Defendant SALEM HEALTH failed to reasonably accommodate Plaintiff's

63.    Defendant SALEM HEALTH made no assertion to Plaintiff at any point that SALEM HEALTH would incur undue hardship by accommodating Plaintiff's sincere religious beliefs.

64.    Requiring religious employees, including Plaintiff, to lie as a condition of receiving a religious accommodation from the OHA's Vaccine Mandate is not a reasonable accommodation.

65.    Defendant SALEM HEALTH could and should have provided reasonable accommodations for Plaintiff's beliefs, as accommodations that would have allowed Plaintiff to continue working while significantly limiting the likelihood of spreading COVID-19 were available. Such accommodations included what SALEM HEALTH had required Plaintiff other staff to do since the start of the Pandemic: requiring Plaintiff to wear masks, gowns, and goggles, to regularly wash hands, and to social distance from fellow employees when possible.

66.    Defendant SALEM HEALTH offered these accommodations to Plaintiff on the condition that Plaintiff violate her sincerely held religious beliefs in other ways – specifically, by lying.

67.    Rather than attempting to accommodate Plaintiff by allowing her to simply acknowledge that she had participated in the training and acknowledge that she understood Defendant SALEM HEALTH's position on the vaccine, SALEM HEALTH opted to take adverse employment actions against Plaintiff by terminating Plaintiff's employment instead.

68.    Religious discrimination is truly what motivated Defendant SALEM HEALTH to get rid of Plaintiff, any assertion SALEM HEALTH might make to the contrary notwithstanding.

69.    Based on the foregoing, Defendant SALEM HEALTH has discriminated against Plaintiff in violation of Title VII.

## SECOND CAUSE OF ACTION:
**Violation of State Law Prohibiting Religious Discrimination by Employers Against Defendant SALEM HEALTH**
**[ORS 659A.030(1)(a)]**

70.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

71.    Like Title VII, ORS 659A.030(1)(a) prohibits employers from discharging individuals from employment on the basis of the individuals' religion, as Defendant SALEM HEALTH has done here.

72.    Because Oregon's state law prohibiting employers from discriminating on the basis of religion is modeled after Title VII, and because the analysis for religious discrimination claims under both statutes is identical [*see Hedum v. Starbucks Corp.*, 546 F. Supp. 2d 1017, 1022 (D. Or. 2008)], STRAWN declines to restate the facts as set forth in her first cause of action, as those facts are already incorporated as though fully set forth herein.

73.    Under 42 U.S.C. § 2000e-7, nothing in 42 U.S.C. § 1981a(b)(3), which caps the amount of non-pecuniary and punitive damages that can be

awarded to Plaintiff, "shall be deemed to exempt or relieve any person from liability, duty, penalty, or punishment provided by any present or future law of any State[.]"  In other words, an Oregon jury is free to exceed any applicable federal dollar limit in accordance with Oregon law.

74.    ORS 659A.885(3) allows for punitive damages against employers such as Defendant SALEM HEALTH who violate ORS 659A.030(1)(a).  Oregon law places no cap on punitive damages.  *See Smith v. Ethicon, Inc.*, 2022 U.S. Dist. 98543 at *2 (D. Or. June 2, 2022).

75.    Based on the foregoing, in addition to violating Title VII, Defendant SALEM HEALTH has violated ORS 659A.030(1)(a).

### THIRD CAUSE OF ACTION
**Aiding and Abetting Employment Discrimination**
**Against Defendant DOES 1-50**
**[ORS 659A.030(1)(g)]**

76.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

77.    ORS 659A.030(1)(g) prohibits any person from aiding and abetting an employer from engaging in employment discrimination.

78.    In their roles as enforcers of Defendant SALEM HEALTH's Policy concerning the OHA's Vaccine Mandate – i.e., as the individuals who granted or denied religious accommodations to SALEM HEALTH employees and took action action against the employees who were denied religious accommodations by terminating their employment – Defendants DOES 1-50, whose identities have yet to be ascertained, acted in concert with, or gave substantial assistance to, SALEM HEALTH to unlawfully discriminate against Plaintiff on account of Plaintiff's religion.  DOES 1-50 did this knowing that it was unlawful for SALEM HEALTH, as Plaintiff's employer, to engage in religious discrimination against Plaintiff.

79.    Because Defendant SALEM HEALTH carried out its religious discrimination against Plaintiff with the assistance of Defendants DOES 1-50, DOES 1-50 should be held individually and personally liable for their conduct – hence, the inclusion of DOES 1-10 as defendants in the herein proceeding.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### **ON ALL CAUSES OF ACTION:**

1.    For economic damages in an amount according to proof at trial;

2.    For non-economic damages in an amount according to proof at trial;

3.    For punitive damages in an amount according to proof at trial;

4.    For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and

5.    For such other and further relief as the Court may deem proper.


Dated: April 6, 2023                    PACIFIC JUSTICE INSTITUTE
                                        __/s/ *RAY D. HACKE*_____
                                        Ray D. Hacke
                                        Attorney for Plaintiff
                                        Heidi Strawn

## PROOF OF SERVICE

I am employed in the County of Marion, State of Oregon.  I am over the age of eighteen and not a party to the within action; my business address is 317 Court St. NE, Salem, OR 97301.

On or about April 6, 2023, I served the following documents on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed to said parties:

**COMPLAINT FOR DAMAGES FOR RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII [42 U.S.C. § 2000e-2] AND ORS 659A.030(1)(a) AND AIDING AND ABETTING RELIGIOUS DISCRIMINATION IN VIOLATION OF ORS 659A.030(1)(g)**

### PLEASE SEE ATTACHED SERVICE LIST

_____BY MAIL:  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same date with postage thereon fully prepaid at Salem, Oregon in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_X\_\_BY PERSONAL SERVICE:  I caused such envelope to be delivered by hand to the office of the addressee(s).

_____(State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_X\_\_(Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 6, 2023, at Salem, Oregon.



*/s/ LAUREN PEFFERLE*
Lauren Pefferle

**<u>SERVICE LIST</u>**

Cheryl Nester Wolfe
President/Registered Agent
Salem Health
890 Oak St.
Salem, OR 97301

# EXHIBIT "A"

OREGON SECRETARY OF STATE
HOME
▶ **Corporation Division**

Business Xpress | business name search | oregon business guide
license directory | business registry/renewal | forms/fees | notary public
uniform commercial code | uniform commercial code search | documents & data services

**Business Name Search**

**New Search**   **Printer Friendly**   Business Entity Data   04-06-2023 10:01

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 087570-15 | DNP | ACT | OREGON | 09-26-1969 | 09-26-2023 | |
| Entity Name | SALEM HEALTH | | | | | |
| Foreign Name | | | | | | |
| Non Profit Type | PUBLIC BENEFIT WITH MEMBERS | | | | | |

**New Search**   **Printer Friendly**   Associated Names

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | | |
|---|---|---|---|---|---|
| Addr 1 | 890 OAK ST SE | | | | |
| Addr 2 | | | | | |
| CSZ | SALEM | OR | 97301 | Country | UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | | Start Date | 01-22-2016 | Resign Date |
|---|---|---|---|---|---|---|
| Name | CHERYL | | NESTER WOLFE | | | |
| Addr 1 | 890 OAK ST SE | | | | | |
| Addr 2 | | | | | | |
| CSZ | SALEM | OR | 97301 | Country | UNITED STATES OF AMERICA | |

| Type | MAL | MAILING ADDRESS | | | |
|---|---|---|---|---|---|
| Addr 1 | 890 OAK STREET | | | | |
| Addr 2 | | | | | |
| CSZ | SALEM | OR | 97301 | Country | UNITED STATES OF AMERICA |

| Type | PRE | PRESIDENT | | Resign Date |
|---|---|---|---|---|
| Name | CHERYL | | NESTER WOLFE | |
| Addr 1 | 890 OAK ST SE | | | |
| Addr 2 | | | | |
| CSZ | SALEM | OR | 97301 | Country | UNITED STATES OF AMERICA |

| Type | SEC | SECRETARY | | Resign Date |
|---|---|---|---|---|
| Name | ALAN | | WYNN | |

| Addr 1 | 890 OAK ST SE | | | | | |
|--------|---------------|--|--|--|--|--|
| Addr 2 | | | | | | |
| CSZ | SALEM | OR | 97301 | | Country | UNITED STATES OF AMERICA |

New Search      Printer Friendly      Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|----------------------|-----------|-------------|------------|----------|
| SALEM HEALTH | EN | CUR | 07-22-2016 | |
| SALEM HOSPITAL | EN | PRE | 09-26-1969 | 07-22-2016 |

Please read before ordering Copies.

New Search      Printer Friendly      Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|-----------------|--------|------------------|----------------|--------|-------------------|--------------|
| | AMENDED ANNUAL REPORT | 08-25-2022 | | FI | | |
| | AMENDED ANNUAL REPORT | 08-19-2021 | | FI | | |
| | AMENDED ANNUAL REPORT | 08-26-2020 | | FI | | |
| | AMENDED ANNUAL REPORT | 09-24-2019 | | FI | | |
| | AMENDED ANNUAL REPORT | 09-21-2018 | | FI | | |
| | AMENDED ANNUAL REPORT | 09-20-2017 | | FI | | |
| | AMENDED ANNUAL REPORT | 08-31-2016 | | FI | | |
| | ARTICLES OF AMENDMENT | 07-22-2016 | | FI | Name | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 01-22-2016 | | FI | Agent | |
| | AMENDED ANNUAL REPORT | 09-28-2015 | | FI | | |
| | AMENDED ANNUAL REPORT | 10-06-2014 | | FI | | |
| | AMENDED ANNUAL REPORT | 08-28-2013 | | FI | | |
| | AMENDED ANNUAL REPORT | 10-01-2012 | | FI | | |
| | AMENDED ANNUAL REPORT | 09-13-2011 | | FI | | |
| | AMENDED ANNUAL REPORT | 09-21-2010 | | FI | | |
| | AMENDED ANNUAL REPORT | 09-18-2009 | | FI | | |
| | ANNUAL REPORT | 09-19-2008 | | FI | | |

| | | | | | |
|---|---|---|---|---|---|
| | AMENDED ANNUAL REPORT | 11-23-2007 | | FI | |
| | ANNUAL REPORT PAYMENT | 08-21-2006 | 08-18-2006 | SYS | |
| | ANNUAL REPORT | 08-30-2005 | | FI | |
| | ANNUAL REPORT PAYMENT | 08-25-2004 | | SYS | |
| | ANNUAL REPORT PAYMENT | 08-25-2003 | | SYS | |
| | CHANGE OF REGISTERED AGENT/ADDRESS | 03-14-2003 | | FI | Agent |
| | CHANGE OF REGISTERED AGENT/ADDRESS | 12-26-2002 | | FI | Agent |
| | ANNUAL REPORT | 10-22-2002 | | FI | |
| | AMENDED ANNUAL REPORT | 11-13-2001 | | FI | |
| | CHANGED RENEWAL | 09-29-2000 | | FI | |
| | STRAIGHT RENEWAL | 09-27-2000 | | FI | |
| | CHANGED RENEWAL | 09-03-1999 | | FI | |
| | STRAIGHT RENEWAL | 08-23-1999 | | FI | |
| | AMENDED RENEWAL | 10-01-1998 | | FI | |
| | STRAIGHT RENEWAL | 08-26-1997 | | FI | |
| | CHANGED RENEWAL | 08-26-1997 | | FI | |
| | STRAIGHT RENEWAL | 08-30-1996 | | FI | |
| | STRAIGHT RENEWAL | 08-29-1995 | | FI | |
| | AMENDED RENEWAL | 08-24-1994 | | FI | |
| | AGENT/AUTH REP CHNG | 08-24-1994 | | FI | |
| | STRAIGHT RENEWAL | 09-08-1993 | | FI | |
| | AMENDED RENEWAL | 08-24-1992 | | FI | |
| | AMENDED RENEWAL | 09-13-1991 | | FI | |
| | AMENDED RENEWAL | 08-20-1990 | | FI | |
| | AMENDED RENEWAL | 08-28-1989 | | FI | |
| | AMENDED RENEWAL | 08-19-1988 | | FI | |
| | AMENDED RENEWAL | 08-24-1987 | | FI | |
| | AMENDED RENEWAL | 09-09-1986 | | FI | |
| | STRAIGHT RENEWAL | 09-05-1985 | | FI | |
| | AMENDMENT | 01-05-1983 | | FI | |
| | AGENT CHANGE | 09-28-1981 | | FI | |
| | AGENT CHANGE | 08-16-1979 | | FI | |
| | RESTATED ARTICLES | 01-17-1979 | | FI | |
| | RESTATED ARTICLES | 11-03-1972 | | FI | |
| | NEW | 09-26-1969 | | FI | |

# EXHIBIT "B"



OFFICE OF THE DIRECTOR
Office of the State Public Health Director

# COVID-19 Vaccine Religious Exception Request Form

**Instructions:** Please refer to the Instructions for filling out the COVID-19 Religious Exception Request Form. If you are requesting an exception from the COVID-19 vaccination requirement for religious reasons you must fill out this form and **submit it to your employer or other responsible person**.

### DO NOT SEND THIS FORM TO THE OREGON HEALTH AUTHORITY.

I am requesting an exception from the COVID-19 vaccination on the basis of a sincerely held religious belief.

| Individual's name: | Date of birth: |
|---|---|
| Heidi Strawn | 06/07/1975 |
| Phone number: | |
| 971-218-5165 | |
| Employer/Organization: | Job Title/Position: |
| Salem Health | RN |

## Please check the boxes below as appropriate and complete related questions:

☒ Receiving the COVID-19 vaccination conflicts with my religious observances, practices or beliefs as described below.

Please describe your religious belief and how it affects your ability to receive a COVID-19 vaccination

I have a personal belief that I have the constitutional right to make my own healthcare decisions.I also believe that the government does not have the authority to force me to participate in medical or experimental treatments.I am accountable to a higher authority to take care of my body and will make those choices based on my interpretation of scriptures and my belief in the divine intervetion of the Holy Spirit.

I certify the above information to be true and accurate and that I sincerely hold the religious beliefs described above.

| Signature: | Date: |
|---|---|
| Heidi S. Strawn | September 19, 2021 |

Please note that if your exception request is approved, you may be required by your employer or other responsible party to take additional steps to protect you and others from contracting and spreading COVID-19. Workplaces are not required to provide this exception accommodation if doing so would pose a direct threat to the excepted individual or others in the workplace or would create an undue hardship.

OHA 3871 (9/01/2021)

**Document accessibility:** For individuals with disabilities or individuals who speak a language other than English, OHA can provide information in alternate formats such as translations, large print, or braille. Contact the Health Information Center at 1-971-673- 2411, 711 TTY or COVID19.LanguageAccess@dhsoha.state.or.us.

OHA 3871 (9/01/2021)

# EXHIBIT "C"



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle Field Office**

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Seattle Direct Dial: (206) 576-3000
FAX (206) 220-6911
Website: www.eeoc.gov

January 9, 2023

*Via the EEOC's Public Portal*

Heidi Strawn
8142 Okey Ln SE
Turner, OR 97392
heidistrawn@protonmail.com

RE:  Heidi Strawn v. Salem Hospital
     Charge Number: 551-2022-01447

Dear Heidi Strawn,

My name is Andrew Schwich and I am the Investigator with the Seattle Field Office of the U.S. Equal Employment Opportunity Commission (EEOC) assigned to investigate the charge that you filed.  As you are aware, your complaint alleged that you were discharged by the Respondent after refusal to complete the Respondent's learning assessment on Covid-19 vaccine information as part of your religious accommodation.  As the investigator assigned to your case, I want to confirm that I have had the opportunity to carefully review all the information and evidence submitted by you and Respondent to date.  During the investigation of your charge, the EEOC obtained information and documentation relevant to your allegations of discrimination, including Respondent's statement of position and responses to the EEOC's request(s) for information.  As part of the investigation, you were provided with the statement of position that Respondent submitted and given the opportunity to submit a rebuttal response with any additional supporting information or documentation you had in support of your allegations.

In order to establish that you were denied a religious accommodation under Title VII of the Civil Rights Act of 1964, as amended, you must show that you have: a) a sincerely held religious belief that conflicts with a job requirement, and that there is an accommodation available that would allow you to perform *all* of the functions of the position in question, and/or allow you to enjoy the privileges and benefits of employment; b) that you asked for an accommodation and that you provided the employer with information about your sincerely held religious belief and explained the conflict between the requirement and the religious belief; and, c) that the employer failed to provide an accommodation that did not pose an undue hardship.  For your information, the employer has the ultimate discretion in choosing between accommodations, and the employer is not required to provide an accommodation if it would pose an undue hardship, that is more than a *de minimis* (or minimal) burden on the operations of the employer's business.

The evidence obtained and reviewed to date has been analyzed consistent with the legal standards of proof required to establish a violation of the laws that the EEOC enforces.  Specifically, the evidence shows that the Respondent did provide you with a religious accommodation based on your objection to Covid-19 vaccination. The Respondent has a

legitimate business interest in providing a safe environment for staff and patients, so requiring vaccine-hesitant employees to review public health information and demonstrate their understanding of that information was a legitimate job requirement in furtherance of a legitimate business interest. Additionally, the content of the learning assessment is unrelated to your religious beliefs, so the Respondent's requirement that you complete the assessment does not implicate a protected ground under any law the EEOC enforces.

Based upon an analysis of your charge, the EEOC is ending its investigation into your allegations will not proceed further with its investigation.  Under our Priority Charge Handling Procedures, we focus our limited resources on those charges in which we believe a violation of the laws enforced by the EEOC can be established; however, there is no indication that further investigation of your charge would lead to a different outcome.

While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretation of the available evidence and the laws that we enforce.  Although you may disagree with our decision, our determination regarding your charge is final.  Since the EEOC has ended its investigation in this matter, a Determination and Notice of Rights has been issued to you in the EEOC Public Portal which will allow you to file a private lawsuit against the Respondent within 90 days of its receipt.

If you do not file a private lawsuit within the required 90-day time frame, your right to sue in this matter will expire and cannot be restored by the EEOC.  You should download a copy of this Determination immediately.

If you have any further questions concerning this matter, please call me at (206) 531-0339.

Sincerely,


Andrew Schwich, Investigator

# EXHIBIT "D"

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

**Count Days**     **Add Days**     **Workdays**     **Add Workdays**     **Weekday**     **Week №**

From **Monday, January 9, 2023**
Added 90 days

## Result: Sunday, April 9, 2023

### Calendar showing period from January 9, 2023 to April 9, 2023

| January 2023 |
| --- |
| 22 days added |

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

| February 2023 |
| --- |
| 28 days added |

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| --- | --- | --- | --- | --- | --- | --- |
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | | | | |

| March 2023 |
| --- |
| 31 days added |

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| --- | --- | --- | --- | --- | --- | --- |
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | |

| April 2023 |
| --- |
| 9 days added |

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | | | | | | |

☐ = Start date (Jan 9, 2023)     ☐ = Final result date (Apr 9, 2023)



**Time & Date Calculator App for iOS**

See how long remains before a deadline or exactly when those 30 days are up.